James D. Matthews
Reg. No. 09012-007
United States Penitentiary
Big Sandy, P.O. Box 2068
Inez, KY. 41224

MAY 22 2017

CR 08-103
(CKK)

FILED
SEP 13 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Clerk of Court
U.S. District Court
333 Constitutional Ave, NW
Washington, DC 20001

In Re:  Request For Immediate Release
         From United States Parole Commission

4-up

The Purpose of this letter is to respectfully request that the above name is given immediate release of the United States Parole Commission's Rules that states that "time served on a new state or federal sentence shall be counted as time in custody for reparole guidelines purposes."

I, James D. Matthews am a prisoner in the United States Penitentiary in Inez, KY. On 8-29-2008 in US District Court I was sentence to serve a 120 month prison term in this case "U.S. v. Matthews, CR-08-103 (CKK). With credit for good conduct I have completed the 120 month sentence on May 7, 2017, before hand I was on parole for a sentence

(1)

imposed in tow D.C. Superior Court cases, Nos. F2131-89 and F13355-91D. I am asking the U.S. Parole Commission for my immediate release, in accordance with CFR § 2.47 (a) (2) if the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later 180 days following notification to the Commission of the placement of the detainer. In this case the detainer was lodged on 2-19-2009.... and in this case the expiration date would have been approximately 8-19-2009, eight years ago.

The Code of Federal Regulations provides in pertinent part: (1) "If the parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Commission's jurisdiction, the Commission shall review the detainer upon the request of the parolee. Following such review, the Commission may withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody [on new sentence], or close the case if the expiration date has passed." 28 CFR § 2.100 (c) (1) (underlining added for emphasis); and (2) "A parole violator whose parole is revoked shall be given credit for all time in confinement resulting from any new offense or violation that is considered by the Commission as a basis for revocation, but solely for the limited purpose of satisfying the time ranges in the reparole guidelines at § 2.81," id., 2.100 / (d) (2).

(2)

Because I have already served more than 9 years and as well as have completed the federal sentence I was serving for an offense committed while I was on parole, and that period of incarceration had exceeded the total unexpired part of my parole violator term, any term of incarceration that USPC could require me to serve under the reparole guidelines upon future revocation, would be and is completely satisfied by operation of the "credit for all time in confinement" provision in 28 CFR § 2.100 (d)(2).

In view of the foregoing, there should be no just and rational reason for the subject to still be detained. I ask of the court to order to the U.S. Parole Commission my reinstatement of supervision and my immediate release.

Thankyou in advance for your attention and cooperation with reguard to this request

Mr. James D. Matthews

(3)